**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH FORMAN, | ) | |
| | ) | Case No. 1:09-CV-1158 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| CUYAHOGA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court are defendant Cuyahoga County's motion for judgment on the pleadings [dkt. 6] and defendant Gerald T. McFaul's motion to dismiss, or alternatively, to quash insufficient service. [Dkt. 5].

For the following reasons, the court grants Cuyahoga County's motion for judgment on the pleadings and orders Foreman to show cause why the remaining claims should not be dismissed.

**I.  BACKGROUND**

On May 4, 2009, plaintiff Sarah Foreman[1] ("Foreman") filed this action against Cuyahoga County and Gerald T. McFaul ("McFaul"), the former sheriff of Cuyahoga County (collectively, the "defendants"). Foreman brings five claims for alleged violations of the Ohio Revised Code, United States Code and the United States Constitution. On May 19, 2009, the defendants removed the action to this court. [Dkt. 1].

Both defendants have filed motions asking the court to dismiss the case: Cuyahoga County's motion for judgment on the pleadings, arguing that Foreman's claims are time-barred by statutes of

---

[1] Foreman's complaint is not consistent in the spelling of her own name.

limitations [dkt. 6]; and McFaul's motion to dismiss, or alternatively to quash insufficient service, arguing that Foreman improperly served McFaul. [Dkt. 5].

Foreman alleges that on January 4, 2007, McFaul and several other police officers came to her residence to serve a search warrant on her home. After refusing to identify themselves, the officers forced entry. In the process, the police tore the rotator cuff in Foreman's left shoulder.

Foreman filed the current case in the Cuyahoga Court of Common Pleas on May 4, 2009. She asserts violations of her state, federal and Constitutional rights and brings the suit "pursuant to Sections 2744.03 and 4112.02 of the Ohio Revised Code, the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Sections 1981, 1983 and 1988." [Dkt. 2].

## II. LAW AND ANALYSIS

### A. Cuyahoga County's Motion for Judgment on the Pleading

Cuyahoga County moves for judgment on the pleadings pursuant to Fed. R. C. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *J.P. Morgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007).

Foreman's brings her federal actions pursuant to 42 U.S.C. Sections 1981, 1983 and 1988. Thus, as is the case for federal civil rights claims, the statute of limitations is governed by the appropriate state statute of limitations. *Lawson v. Shelby County*, 211 F.3d 331, 336 (6th Cir. 2000). In Ohio, the statute of limitations is two years. *Nabra v. Mdah,* 1999 Ohio St.3d 305 (Ohio 2008); *McNamara v. City of Rittman*, 473 F.3d 633, 637 (6th Cir. 2007).

Foreman's first and fifth actions appear to be federal civil rights claims. Accordingly, they are subject to a two year statute of limitations.[2]

In her complaint, Foreman alleges that the defendants committed their torts against her on January 4, 2007. She filed the instant matter on May 4, 2009. Therefore, Foreman is outside the two-year statute of limitations.

Alternatively, if Foreman's complaints against Cuyahoga County are based on state law, they are governed by Ohio Rev. Code 2744.04, which establishes the claims that one can bring against political subdivisions. A tort under Ohio Rev. Code 2744.04 also has a statute of limitations of two years. Because Foreman filed this action more than two years after the alleged action occurred, she is outside of the statute of limitations.

Accordingly, this court dismisses counts one and five of the complaint. As no other claims exist against Cuyahoga County, the court dismisses it as a defendant in this action.

**B**.    **McFaul's Motion to Dismiss or Alternatively to Quash Imperfect Service**

McFaul asks the Court to dismiss, or alternatively, quash, the actions against him pursuant to Fed. R. Civ. P. 12(b)(5). McFaul asserts that he was never properly served. Foreman served McFaul at his former place of employment by delivering the complaint to the Justice Center in Cleveland, Ohio in May. However, McFaul had retired a month earlier, on April 1, 2009. Thus, McFaul may not have been properly served.

Fed. R. Civ. P. 4(c) requires personal service of a complaint upon each individual defendant. *Ecclesiastical Order of the Ism. of Am., Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir. 1988). A court has

---

[2] Although Foreman did not title her fifth cause of action, her allegations are closest to a "failure to train" theory under 42 U.S.C § 1983. Under such a theory, the government is liable to a plaintiff where "the failure to train [police officers] amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

no personal jurisdiction over a defendant if personal service has not been obtained. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991). Accordingly, unless McFaul is properly served, this court has no personal jurisdiction over actions against him.

However, Foreman has one hundred and twenty days to perfect service of process. Fed. R. Civ. P. 4(c)(1); *Nafziger v. McDermott Intern, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). Foreman filed this lawsuit on May 4, 2009. Accordingly, if service was improper, Foreman still has time to perfect proper service under Fed. R. Civ. P. 4(m).

Because Foreman has failed to respond to two dispositive motions, the court orders Foreman to show cause, by August 12, 2009, why the remaining claims should not be dismissed by August 12, 2009.

### III. CONCLUSION

Accordingly, the court grants Cuyahoga County's motion for judgment on the pleadings [dkt. 6] and orders Foreman to show cause, by August 12, 2009, why the remaining claims should not also be dismissed.

IT IS SO ORDERED.

    /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** August 3, 2009